## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Niccole Scribner, Rana Allen, Kara Hagle, RoxAnne Blanco, Samantha DeMars, and Mary Liberty, | Civil No. 06-4460 (DWF/RLE) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Justis E. McMillan, Calantha McMillan, Bonita K. Sheets, George W. Sheets, Cathy Nyseth, Keziah Properties LLC, d/b/a Holiday Inn Express & Suites, Stillwater, Budget Manor, Inc., and InterContinental Hotels Group Resources, Inc., | |
| Defendants. | |

___

John D. Thompson, Esq., Natalie Wyatt-Brown, Esq., and Leonard B. Segal, Esq., Oberman Thompson & Segal, LLC, and John D. Magnuson, Esq., Rossi, Cox & Vucinovich, PC, counsel for Plaintiffs.

Paul R. Harris, Esq., and John L. Greer, Esq., Hughes Mathews, P.A., counsel for Defendants Calantha McMillan, Bonita K. Sheets, George W. Sheets, Cathy Nyseth, Keziah Properties LLC, d/b/a Holiday Inn Express & Suites, Stillwater, and Budget Manor, Inc.

Matthew E. Johnson, Esq., Sandra L. Jezierski, Esq., and Mark J. Girouard, Esq., Halleland Lewis Nilan & Johnson, P.A., counsel for Defendant Justis E. McMillan.

___

## INTRODUCTION

This matter came before the Court on February 16, 2007, pursuant to Defendants' Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike.

Plaintiffs brought the present action under Title VII, the Minnesota Human Rights Act, and the Minnesota Fair Labor Standards Act, alleging that they were subjected to sexual harassment, sex and pregnancy discrimination, age discrimination, aiding and abetting, battery, and retaliation during their employment. For the reasons set forth below, the Court denies the motions.

## BACKGROUND

Plaintiffs are current and former female employees of the Holiday Inn Express in Stillwater, Minnesota ("the Hotel"). Plaintiffs' Complaint contains several specific allegations of sexual harassment and discrimination by Defendant Justis McMillan, the then General Manager of the Hotel. Plaintiffs also allege that Defendant employee Calantha McMillan witnessed much of the misconduct by Mr. McMillan and did not stop it or report it to the Hotel's owners. In addition, Plaintiffs allege that their employer knew or should have known about the misconduct, did not prevent or stop the misconduct, mishandled their complaints, and retaliated against them.

Defendant Keziah Properties LLC ("Keziah") is the company that does business as the Hotel and is owned by Defendants George and Bonita Sheets. The Sheets are also Keziah's sole governors and officers. Defendant Budget Manor, Inc. ("Budget Manor") has issued paychecks to Plaintiffs and is owned by the Sheets as well. Mr. McMillan is married to the Sheets' daughter, Calantha McMillan, who was the General Manager of the Hotel until 2003 when Mr. McMillan became General Manager. Mr. McMillan remained General Manager until June 2006; thereafter, Defendant Cathy Nyseth was hired as General Manager. Defendant InterContinental Hotels Group Resources, Inc.

("IHG") is the Hotel's franchiser.

The first matter currently before the Court is Defendants' Motion to Dismiss. Specifically, Defendants claim that Bonita Sheets, George Sheets, and Budget Manor are not proper defendants and therefore should be dismissed from the case. Defendants argue that the Complaint does not allege anything that imposes liability on the Sheets, individually, and that the mere issuance of paychecks is not sufficient to impose liability on Budget Manor.

The second matter is Defendants' Motion for a More Definite Statement. Defendants argue that the use of the word "Defendants," without specifying which Defendant(s) apply to each allegation, makes the Complaint vague and ambiguous.

The third matter is Defendants' Motion to Strike two paragraphs of the Complaint under Rule 12(f). Specifically, Defendants oppose a historical allegation that the alleged sexual harassment was "reminiscent of the 1950s." Also, Defendants move to strike the allegations that an attorney said she would have taken Plaintiffs' case "in a heartbeat" if she had not already been hired by Defendants and that a Hotel employee said that she posted naked pictures of herself on the front desk computer.

## DISCUSSION

**I.      Motion to Dismiss**

Defendants argue that Bonita and George Sheets and Budget Manor should be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). A complaint shall be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts in

3

support of his or her claim that would demonstrate an entitlement to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998); *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997). The allegations in the complaint must be treated as true and must be construed in the plaintiff's favor. *Duffy v. Landberg*, 133 F.3d 1120, 1122 (8th Cir. 1998). "Dismissal is proper only when the complaint on its face reveals 'some insuperable bar to relief.'" *Id.* (quoting *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)).

Defendants assert that the Complaint does not allege anything that would impose liability for harassment, retaliation, or discrimination upon any of the three defendants at issue here. Specifically, Defendants assert that the Sheets are not liable for the alleged misconduct because Keziah is a limited liability company and that the mere issuance of paychecks to Plaintiffs does not create a cause of action against Budget Manor.

Citing *Baker v. Stuart Broad. Co.*, 560 F.2d 389, 391 (8th Cir. 1977), Plaintiffs argue that they named the Sheets and Budget Manor as Defendants because they have reason to believe that all entities controlled by the Sheets function as a single employer.[1] Plaintiffs allege in ¶ 43 of the Complaint that "Defendants were and are Plaintiffs' employer . . . . " More specifically, Plaintiffs assert that the Complaint's allegations demonstrate common ownership. Namely, the Complaint alleges that Plaintiffs received paychecks from Budget Manor, the Sheets own the eight hotels and Budget Manor, and

---

[1] The four factors to determine whether multiple businesses are a single employer for Title VII purposes are: (1) the interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control. *Id.*

4

Jan Schaefer is the Regional Manager of the eight hotels owned by the Sheets. In addition, Plaintiffs assert that through initial discovery they have learned that Budget Manor is essentially the operating company for the eight hotels, Schaefer reports directly to the Sheets and is paid by Budget Manor, Budget Manor is the "home office," and all of the Sheets' hotels maintain offices at the same location. Also, Plaintiffs contend that the handbooks and policies seem to be the same for all hotels and a common bookkeeper issues paychecks and handbooks to employees in all hotels.[2]

In addition to the single employer theory, Plaintiffs argue that the corporate veil may be pierced. Plaintiffs base this argument on the belief that the Sheets may not have observed corporate formalities. Accordingly, Plaintiffs assert that they have pled several facts which could support piercing the veil: (1) the Sheets own Keziah and Budget Manor; (2) Budget Manor issued paychecks to Plaintiffs; and (3) Plaintiffs' employer constitutes all these individuals. Plaintiffs also assert that during initial discovery, they learned that the franchise agreement for the Hotel is between IHG and the Sheets as individuals and Regional Manager Jan Schaefer identified the Sheets as her employer.[3] Further, Plaintiffs contend that discovery will facilitate confirmation of these beliefs and an understanding of the nature of the corporate entities at play.

Defendants argue in response that *Baker v. Stuard Broad. Co.* does not apply

---

[2] In their Reply Brief, Defendants assert that considering this information outside the Complaint is improper.

[3] *See* supra note 2.

because that case did not use the single employer theory to find personal liability and that the allegations made specifically against Budget Manor do not meet the requirements of *Baker*. In addition, Defendants assert that the Complaint contains no allegations supporting the veil-piercing theory.

Because the Sheets owned Budget Manor, Keziah, and eight hotels, and because Jan Schaefer managed all eight hotels – showing interrelation of operations, common ownership and management, and centralized control of labor relations – the Complaint contains sufficient facts to allege the single employer theory. As to Plaintiffs' piercing the corporate veil theory, Plaintiffs were required to plead facts that would support piercing the veil, but were not required to specify the theory on which they will proceed. *Barton v. Moore*, 558 N.W.2d 746, 749 (Minn. 1997). In light of the facts pled, the Motion to Dismiss is denied.[4]

## II.     Motion for a More Definite Statement

Defendants move for a more definite statement under Rule 12(e) requesting that Plaintiffs detail which specific allegations relate to each Defendant. Rule 12(e) allows a party to "move for a more definite statement before interposing a responsive pleading . . . when the responding party cannot reasonably be required to frame a responsive pleading because the pleading is so vague or ambiguous." Fed. R. Civ. P. 12(e). The rule also states that the moving party "shall point out the defects complained of and the details desired." *Id.*

---

[4]     The Court's finding would be the same regardless of whether it was aware of the newly discovered facts from initial discovery.

In considering whether to grant a Rule 12(e) motion, a court's inquiry is guided by the federal pleading requirements. The United States Supreme Court has explained that the Federal Rules of Civil Procedure do not require a claimant to describe in detail the facts upon which he bases his claim; rather, the rules require a short and plain statement of the claims that give a defendant fair notice of what a plaintiff's claim is and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "Due to this liberal notice-pleading standard and the availability of extensive discovery, Rule 12(e) motions are disfavored." *Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 644 (D. Minn. 1996) (citations omitted). Therefore, Rule 12(e) is a remedy for unintelligible pleadings; not a tool to correct a claimed lack of detail. *Id.*

Here, Plaintiffs make 61 allegations against "Defendants" without identifying the specific relevant Defendant(s). Defendants argue that the Complaint is therefore flawed and the Court should require a more definite statement. And separately, Mr. McMillan asserts that because of the ambiguity, he cannot determine which claims are intended to be asserted against him. In response, Plaintiffs argue that they are suing their employer, which could include all of the named Defendants, and that further discovery will shed light on the organization and relationship of the Defendants.

Defendants point to a Northern District of Illinois case as an example of a court granting a motion for a more definite statement where the complaint contained an allegation against "defendants." *Khalid Bin Talal Bin Abdul Azaiz Al Seoud v. E.F. Hutton & Co., Inc.*, 720 F. Supp. 671 (N.D. Ill. 1989). Conversely, Plaintiffs assert that

*Khalid* does not state a rule that the use of the word "defendants" necessarily makes a complaint too vague. The Court agrees with Plaintiffs. In addition to making the allegation against "defendants," the allegation in *Khalid* also failed to identify the offending acts,[5] which the court found significant when determining that a party would not be able to respond to it.

Here, while many of the allegations do in fact refer only to "Defendants," any vagueness is attributed to defining Plaintiffs' employer. Taking Plaintiffs' allegation as true, this information is currently only known by Defendants. Even so, Plaintiffs have alleged that prior to March 27, 2006, Defendants did not have a sexual harassment policy posted at the Hotel, had not provided any training or instruction regarding sexual harassment or its sexual harassment policies or complaint procedures, did not distribute an employee handbook or sexual harassment policy to Plaintiffs, had not advised Plaintiffs as to whom they should complain about concerns of sexual harassment, and knew or should have known of the harassment suffered. (Complaint at ¶¶ 44-50.) Because of the complicated relationship between Defendants, including Mr. McMillan, it is reasonable to plead many of the allegations against "Defendants" as an inclusive group. Further, as Defendants themselves noted, some of the allegations obviously do not apply to certain Defendants, and they could answer as such. Finally, minimal out-of-court communication and/or pointed discovery between the parties would resolve any perceived ambiguity. Thus, the Motion for a More Definite Statement is denied.

---

[5] The allegation in *Khalid* reads: "By reason of the foregoing, and as a direct and proximate result of Defendants' conduct, and each of them as alleged herein, HRH Prince

**III.     Motion to Strike**

Defendants also move to strike two allegations from the Complaint, contending that they are immaterial, impertinent, and scandalous.  Specifically, Defendants identify the allegations in ¶ 1 and ¶ 61.

The allegation in ¶ 1 states:

The misconduct includes severe sexual harassment reminiscent of the 1950s, equally blatant violations of the federal and state overtime wage laws, and a variety of other discriminatory and retaliatory conduct.

The allegation in ¶ 61 states:

After the complaints by Plaintiffs on March 27, 2006, Defendants arranged to have an attorney, Jackie Schuh, interview Plaintiffs with respect to their complaints.  After hearing about the sexual harassment that Plaintiffs had, Ms. Schuh said that if she had not been hired by Defendants, she would have taken Plaintiffs' case "in a heartbeat."  On information and belief, front desk employee Bobbi told Ms. Schuh that she had been the one who had put the pictures of herself on the office computer.

Under Fed. R. Civ. P. 12(f), "the [C]ourt may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Here, the Court declines to do so.  The first allegation in question merely summarizes the allegations of the rest of the Complaint.  And, in light of the comparable cases, the language "reminiscent of the 1950s" does not rise to the level of scandalous.  As to the other allegations at issue, Plaintiffs are correct that ¶ 61 describes a response to the complaints of sexual harassment.  While the opposed allegations in ¶ 61 do not appear to be relevant to the asserted causes of action in the Complaint, Defendants have not shown that the allegations are prejudicial.  The Complaint is, by

---

Khalid was damaged as alleged in Paragraph 56 hereof and elsewhere."  *Id.* at 686.

9

definition, an adversarial document, and the allegations will almost always be drafted so as to paint the opposing party in an unfavorable light.  Because the objected-to allegations are not likely to be utilized at trial and because Defendants have not shown prejudice in leaving the allegations in the Compliant, the Court denies Defendants' Motion to Strike.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Defendants' Motion to Dismiss (Doc. No. 3) is **DENIED**.

2. Defendants' Motion for a More Definite Statement (Doc. No. 3) is **DENIED**.

3. Defendants' Motion to Strike (Doc. No. 3) is **DENIED**.


Dated:  March 2, 2007                             s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  Judge of United States District Court